The judgment of the court was pronounced by
Rost, J.
The defendant, Holland, subscribed a note for the sum of $5000 payable twelve months after date to the order of the comptroller of the Mexican *364 Gulf Railway Company, for value received in stock. That note was discounted by the plaintiffs in the usual course of business. It was protested for non-payment at maturity, and notice of the protest was given to the company. The object of this suit is to recover the amount of the note from the drawer and endorsers.
The railway company made no defence. Holland admitted his signature to the note, but averred that it was null and void, on the following grounds: 1st. That the note was obtained by fraud and false representation, without any consideration. 2d. That the railway company proposed through their agent or broker that he should take shares, representing that the railroad should be carried to a point at least twenty miles beyond its then terminus, and that the stock should be a stock paying eight per cent. 3d. That it was agreed that he should make his note for the amount of stock he should take; that it was to be paid in twelve months, and should be renewable for six and twelve months longer; and that it should then be null and the agreement cancelled if these promises and conditions were not fulfilled and performed. 4th. That Conrey, the president of the company, and Gordon, one of the directors, combined to procure the note for their own use and benefit.
The defendant prayed that the railway company, Peter Conrey, and the Executors of Alex. Gordon, who had died before that time, might be cited and made parties to the suit; and should judgment be rendered against him, that the same judgment might be rendered in his favor, and in solidum against these parties, reserving all his rights for damages against them.
Peter Conrey and the Executors of Gordon filed general denials; the railway company also filed a general denial, and further answered that it is true they agreed that the note sued on should at maturity be renewed, one half for six months and the other half for twelve months, if the defendant desired it. But that he never notified them of his desire to renew on the terms agreed upon, nor did he tender the notes he was to give in renewal.
The judgment of the district court was in favor of the plaintiffs, against each of the defendants for the amount claimed, and in favor of the Mexican Gulf Railway Company, Peter Conrey, and the Executors of Gordon, on the call in warranty, reserving all claims and rights of the defendant Holland for damages against all or any of them. Holland has appealed.
We concur fully in the opinion of the district judge, that there is nothing in the record to show that the plaintiffs are not the bond fide holders of the note sued on, and that the negotiability of a note is not affected by the fact that it shows on its face the nature of the consideration for which it was given, provided that consideration be lawful.
The defendant’s counsel urges that the consideration stated in this note is unlawful, on the following grounds: 1st. That the .charter of the railway company is a public law, of which the plaintiff cannot plead ignorance. 2d. That the 9th section of that act says, that the books of subscription for stock shall remain open during twenty days, and that this delay having expired when the stock in controversy was sold to the defendant, the sale was illegal and void. 3d. That the 4th section of the same act provides that two dollars per share shall be paid at the time of subscribing, and the remainder at such times as the president and directors shall appoint; provided that no more than ten dollars a share shall be called in at any one time; and provided also that thirty days notice in two newspapers printed in New Orieans shall be given for the payment of each installment; and that a sale of stock at twelve months’ credit, renewable for six and twelve months longer, is in direct violation of this section.
*365 It is shown that there was stock already taken and in market when the subscription books were re-opened; and the note does not, on its face, show for which of the two kinds of stock it was given. But if it did, the informality complained of is one of which the other stockholders could alone take advantage; and they have not done so. The defendant is now in the undisturbed possession of the stock purchased by him, and has made no offer to return it. It would be against good conscience to release him from the obligation of his contract while he retains the consideration of it. If the charter of the company was a public act, he also is presumed to have known it when he induced the company to disregard its provisions. If the subscription, as made, was illegal, about which we express no opinion, he was the cause of the unlawful act, and cannot be permitted to take advantage of his own wrong.
We adopt, also, the interpretation put by the district judge on the promise of the company to renew the note at six and twelve months. Under the common acceptation of this phrase, the note was to be replaced by two others, each . for one half of the amount: one payable at six, and the other at twelve months.
The defendant, not having tendered notes of that description, is bound on his original contract.
The last ground alleged is in relation to the call in warranty. The defendant alleges that the company is liable to him on account of its misrepresentations as to the prolongation of the railroad and the value of the stock, and its promise to return the note if those representations were not verified.
The evidence adduced, if it was properly before the court, and in itself satisfactory, does not support those allegations. The defendant and his witness seem to have considered Mr. Gordon as the railway company. He was merely a stockholder, and his representations cannot bind the corporation. There is nothing in the record to substantiate the charge that Conroy and Gordon combined to procure the note for their own use and benefit. The proceeds of it appear to have been applied to a debt of the company.
The judgment is affirmed, with costs.